**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

            **Plaintiff,**

    **-v-**

**SALVADOR A. HERNANDEZ,**

            **Movant.**

**Case No. 06-C- 1143**
**(Case No. 95-CR-151)**

---

## DECISION AND ORDER

---

Movant Salvador Hernandez ("Hernandez") has filed a petition to vacate the $2,500 fine (Docket No. 80) which was imposed at the time of his sentencing.[1] He states that the district court lacked sufficient evidentiary basis upon which the Court could conclude that he could pay the fine. Hernandez also indicates that he was punished twice for the same offense because he was imprisoned and assessed a fine and that the Court's delegation of payments of the fine to the Bureau of Prisons was improper. Hernandez cites several cases – all were decided on direct appeal.

Hernandez has entitled his filing as a petition to vacate fine. However, Hernandez's petition attacks the legality of his judgment of conviction on grounds which

---

[1] United States District Court Judge Robert W. Warren presided over Hernandez's criminal 1995 trial for conspiracy to kidnap and kidnaping. Judge Warren sentenced Hernandez on February 13, 1996. Judgment was entered on March 4, 1996. On February 22, 1996, Hernandez filed a direct appeal. The court of appeals affirmed. *United States v. Hernandez*, 106 F.3d 737 (7th Cir. 1997).

arguably translate into constitutional claims. Thus, his current petition is correctly characterized as a petition to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255 ¶ 1. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). Thus, the Clerk of Court is directed to open the petition to vacate fine as a new civil action which is a petition to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255.

However, previously Hernandez filed a motion pursuant to 28 U.S.C. § 2255.[2] He has also filed successive petitions.[3] Hernandez's current petition is his fourth successive petition filed in this district. Since it is a successive petition and because Hernandez has not received permission from the court of appeals to commence a successive collateral attack, this Court is obliged to dismiss the petition for want of jurisdiction. As Hernandez has oft been advised, this Court lacks jurisdiction to entertain any further collateral proceedings unless the court of appeals first grants permission under § 2244 and § 2255 ¶ 8. *Id.* at 856-57 (citing *Nuñez v. United States*, 96 F.3d 990 (7th Cir.1996)). If Hernandez intends to seek permission

---

[2]On June 9, 1997, Hernandez filed a petition pursuant to 28 U.S.C. § 2255. That petition was denied by Judge Warren. Hernandez appealed. While Hernandez's appeal from the denial of his first § 2255 petition was pending, Judge Warren passed away on August 20, 1998. The file in this matter was assigned to this Court on October 9, 1998. The court of appeals denied Hernandez's request for a certificate of appealability and for leave to proceed in *forma pauperis* on his appeal from Judge Warren's denial of that § 2255 petition. *United States v. Hernandez*, No. 97-3728 (7th Cir. Jan 27, 1999).

[3]In January 1999, Hernandez filed a motion – variously titled – including as a motion to dismiss under Rule 60(b). Among other problems with the filing, the Court found the motion was a second application for relief under § 2255, and dismissed the petition. (See Court's April 5, 2001, Decision and Order at 3.)

In 2003, Hernandez applied to the court of appeals for permission to file a successive petition. That application was denied. *United States v. Hernandez*, No. 03-1639 (7th Cir. Mar. 18, 2003).

On June 17, 2003, Hernandez returned to this Court and filed a motion for a new trial, vacate judgment pursuant to Rule 60(b). The Court issued an order on August 25, 2004, characterizing that motion as a successive petition under § 2255 and dismissing it for lack of jurisdiction. On November 16, 2004, this Court denied Hernandez's motion for reconsideration of that decision. Upon appeal, the court of appeals denied Hernandez's request for a certificate of appealability and his implied request for authorization to file a successive collateral attack. *United States v. Hernandez*, No. 04-4163 (7th Cir. Feb. 28, 2005).

Thereafter, Hernandez filed a petition for review of his sentence, which was assigned Case No. 06-C-31. That petition was dismissed for lack of subject matter jurisdiction because it was a successive petition. (*See* Court's January 18, 2006, Decision and Order, 3-4.) On October 26, 2006, the Court denied Hernandez's motion for reconsideration of the January 18, 2006, Decision and Order.

2
Case 2:06-cv-01143-RTR   Filed 11/02/06   Page 2 of 4   Document 2

from the Court of Appeals to file a successive petition, he should be aware that 7th Cir. R. 22.2 sets forth the requirements for such petitions. The text of the Rule is appended to this Decision and Order.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

The Clerk of Court **SHALL** open Hernandez's petition to vacate fine (Docket No. 80) as a petition to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255, and

The aforementioned petition to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED** for lack of jurisdiction.

Dated at Milwaukee, Wisconsin, this 2nd day of November, 2006.

    s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**

Circuit Rule 22.2. Successive Petitions for Collateral Review

(a) A request under 28 U.S.C. §2244(b) or the final paragraph of 28 U.S.C. §2255 for leave to file a second or successive petition must include the following information and attachments, in this order:

(1) A disclosure statement, if required by Circuit Rule 26.1.

(2) A short narrative statement of all claims the person wishes to present for decision. This statement must disclose whether any of these claims has been presented previously to any state or federal court and, if it was, how each court to which it was presented resolved it. If the claim has not previously been presented to a federal court, the applicant must state either:

(A) That the claim depends on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court; or

(B) That the factual predicate for the claim could not have been discovered previously through the exercise of due diligence and that the facts, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact-finder would have found the applicant guilty of the crime, had there been no constitutional error.

(3) A short narrative statement explaining how the person proposes to establish the requirements mentioned above. An applicant who relies on a new rule of constitutional law must identify the new rule, the case that establishes that rule, and the decision of the Supreme Court that holds this new rule applicable to cases on collateral review.

(4) Copies of all opinions rendered by any state or federal court previously rendered in the criminal prosecution, any appeal, and any collateral attack.

(5) Copies of all prior petitions or motions for collateral review.

(b) A copy of the application, together with all attachments, must be served on the attorney for the appropriate government agency at the same time as the application is filed with the court. The application must include a certificate stating who was served, by what means, and when. If the application is made by a prisoner who is not represented by counsel, ling and service may be made under the terms of Fed. R. App. P. 4(c).

(c) Except in capital cases in which execution is imminent, the attorney for the custodian (in state cases) or the United States Attorney (in federal cases) may file a response within 14 days. When an execution is imminent, the court will not wait for a response. A response must include copies of any petitions or opinions that the applicant omitted from the papers.

(d) The applicant may file a reply memorandum within 10 days of the response, after which the request will be submitted to a panel of the court for decision.

(e) An applicant's failure to supply the information and documents required by this rule will lead the court to dismiss the application, but without prejudice to its renewal in proper form.

(As amended Dec. 1, 2001.)